| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **)** | |
| | **)** | |
| **vs.** | **)** | |
| | **)** | **ORDER** |
| **SHANEEKA CURRY WILSON,** | **)** | |
| | **)** | |
| Defendant. | **)** | |
| | **)** | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 23), and on the Government's Motion to Dismiss, (Doc. No. 25).

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Here, as the Government asserts in its motion to dismiss, Defendant did not exhaust her administrative remedies before filing the pending motion. Because Defendant has not exhausted available administrative remedies, the Court denies Defendant's motion for compassionate release and grants the Government's motion to dismiss.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se "Motion for Compassionate Release/Reduction of Sentence," (Doc. No. 23), is **DENIED**, without prejudice to Defendant to refile the motion after she has exhausted her administrative remedies with the BOP. Furthermore, the Government's Motion to Dismiss, (Doc. No. 25), is **GRANTED**.

Signed: November 3, 2022

Max O. Cogburn Jr
United States District Judge