UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cr-336-MOC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| SHANEEKA CURRY WILSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant Shaneeka Curry Wilson's pro se Motion

for Compassionate Release/Reduction of Sentence. (Doc. No. 28). The Government has responded

in opposition to the motion, (Doc. No. 30). For the following reasons, Defendant's motion will be

**DENIED**.

**I.      BACKGROUND**

From February 2018 through August 2019, Defendant was engaged in a drug trafficking

conspiracy in the Western District of North Carolina. (Doc. No. 4; Doc. 12, pp. 4–8). One of

Defendant's co-conspirators revealed the scope of the conspiracy to distribute cocaine base

exceeded 25.5 kilograms. (Doc. No. 12, pp. 12–13). During the conspiracy, Defendant directed

her teenage children to distribute controlled substances. (Id., p. 8). Defendant also personally

distributed multiple ounces of crack cocaine to a confidential human source during this time

period. (Id., pp. 4–8).

Defendant was arrested under a complaint on August 29, 2019. (Doc. No. 12, p. 1).

Defendant ultimately entered a plea agreement on a one-count information on November 12,

2020. (Doc. Nos. 1, 2). At the time of her plea, Defendant was facing a statutory minimum

incarceration of five years and a potential, maximum 40-year sentence. Defendant's sentencing

1

guidelines range was 360 to 480 months in prison. (Doc. Nos. 14, 21). This Court found that guideline calculation was far greater than necessary to accomplish the purposes of sentencing and instead sentenced Defendant to 84 months' imprisonment on November 1, 2021. (Doc. Nos. 21, 22).

On August 4, 2023, Defendant petitioned the Bureau of Prisons ("BOP") for compassionate release based on the need for care for her adult son, who is terminally ill. (Attachment 1, Doc. No. 28). In September of 2023, Defendant moved this court for compassionate release, outlining both her adult son's illness and an assault upon Defendant herself while in the BOP. (Doc. No. 23). The Court dismissed the motion based on failure to exhaust administrative remedies. (Doc. No. 26). On January 24, 2023, Defendant again petitioned BOP for compassionate release based on her own medical needs resulting from the assault. (Ex. 1).

As of June 6, 2023, Defendant had served 22.0% of her full term, and she has a projected release date of April 8, 2027. (Ex. 2). Defendant will be eligible for home detention October 7, 2026. (Id.). Defendant, having now exhausted her administrative remedies, again seeks compassionate release based on her adult son's illness and need of care. (Doc. No. 28).

## II. DISCUSSION

Once a defendant properly exhausts her administrative remedies, this Court may reduce Defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement

Case 3:20-cr-00336-MOC-SCR   Document 31   Filed 06/28/23   Page 2 of 5

applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. That policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals held that Section 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exist to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, the Court is "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). The Court still may consider the § 1B1.13 factors, however, because that Section "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7. As the movant, Defendant still bears the burden of establishing that he is eligible for a sentence reduction, and that includes establishing that "extraordinary and compelling reasons" justify his request. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

Defendant has not established an extraordinary and compelling reason for compassionate release. While the severe illness of any child is tragic, that illness alone is insufficient to establish the existence of an "extraordinary and compelling reason" to modify Defendant's sentence. Moreover, the Government notes that Defendant is not her son's only living adult relative who could be a caregiver to her adult son. At minimum, he has a father, a maternal great aunt, a maternal uncle, and two maternal aunts living in the area, and two adult siblings. (Doc. No. 12 paras. 54–55). In her September 2022 filing, Defendant explains that her oldest daughter is

unable to care for her son. Beyond that, there is no claim nor showing that his other living adult relatives are unavailable to care for him.

The Court further finds that, even if Defendant had shown extraordinary and compelling reasons for compassionate release, consideration of the Section 3553(a) factors counsel against relief. This Court must consider the sentencing factors in 18 U.S.C. § 3553(a), as "applicable," as part of its compassionate release analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). Those factors include "the nature and circumstances of the underlying offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant." United States v. Prater, No. 3:13CR133, 2021 WL 54364, at *4 (E.D. Va. 2021) (citing 18 U.S.C. § 3553(a)(1)–(2)). Section 3553(a) also instructs courts to consider the sentencing range established for the offense, as well as "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(4), (6).

Defendant has not shown that the sentencing factors in Section 3553(a) warrant a reduction in her sentence. If this Court were to grant her compassionate release now, the resulting punishment would fail to reflect the seriousness of the offense or promote respect for the law. First, she has not yet served even a third of her sentence. Next, Defendant participated in trafficking crack cocaine—a highly dangerous and addictive drug—and she used her own children to facilitate drug deals. Moreover, the need for adequate deterrence is significant in this case. Despite direct law enforcement interference in Defendant's drug dealing through the execution of a search warrant on April 8, 2019, she continued to sell crack cocaine on at least two more occasions, and she continued to store crack cocaine in her home. This refusal to

4

abandon criminal activity speaks to the need for Defendant's punishment to discourage future drug dealing.

For all these reasons, the Court will deny Defendant's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 28), is **DENIED**.

Signed: June 27, 2023

Max O. Cogburn Jr.
United States District Judge