UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cr-336-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| SHANEEKA CURRY WILSON, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant Shaneeka Curry Wilson's pro se Motion for Compassionate Release under 18 U.S.C. 3582(c)(1)(A). (Doc. No. 33). The Government opposes Defendant's motion. (Doc. No. 36). For the following reasons, Defendant's motion will be **DENIED**.

I.     BACKGROUND

From February 2018 through August 2019, Defendant was engaged in a drug trafficking conspiracy in the Western District of North Carolina. (Doc. No. 4; Doc. 12 at 4–8). Defendant was arrested under a complaint on August 29, 2019. (Doc. No. 12 at 1). Defendant ultimately entered a plea agreement on a one-count information on November 12, 2020. (Doc. Nos. 1, 2). Defendant's sentencing guidelines range was 360 to 480 months in prison. (Doc. Nos. 14, 21). This Court found that guideline calculation was far greater than necessary to accomplish the purposes of sentencing and instead sentenced Defendant to 84 months' imprisonment on November 1, 2021. (Doc. Nos. 21, 22).

Defendant now moves for compassionate release under 18 U.S.C. 3582(c)(1)(A). (Doc. No. 33). This is Defendant's third motion for compassionate release. See (Doc. Nos. 23, 28).

1

## II. LEGAL STANDARD

Section 3582(c)(1)(A) authorizes a district court to reduce a defendant's sentence, after considering the sentencing factors described in 18 U.S.C. § 3553(a), if the court finds that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission." Section 3582(c)(1)(A) also requires a defendant to "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

The Sentencing Commission's policy statement applicable to compassionate-release requests is Sentencing Guidelines § 1B1.13. Although the Fourth Circuit held in United States v. McCoy that § 1B1.13 was not an "applicable policy statement" limiting a district court's authority to grant compassionate release because the Sentencing Commission had not amended § 1B1.13 to incorporate changes to § 3582(c)(1)(A) made by the First Step Act, 981 F.3d 271, 282 (4th Cir. 2020), the Sentencing Commission amended § 1B1.13, effective November 1, 2023. The amended policy statement now governs Defendant's motion for compassionate release.

Section 1B1.13, as amended, authorizes this Court to grant a defendant's motion for compassionate release if the Court finds that extraordinary and compelling reasons warrant a sentence reduction and that the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a). Section 1B1.13(b) describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release: (1) medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the

defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)–(4); and (6) an "unusually long sentence."

## III. DISCUSSION

Defendant's third motion for compassionate release—like her prior motions—focuses on her adult son's severe illness. While her son has several relatives in the area, see (Doc. No. 12 ¶¶ 54–55), Defendant maintains that she alone can care for her son. (Doc. No. 33 at 2) ("I can't make [anyone] take care of my children. All my children need me."). Specifically, Defendant contends that her son's father cannot care for his child because "they [are] not close." (Id. at 1).

While a defendant's family circumstances can constitute an extraordinary and compelling reason justifying compassionate release, Defendant has not established such justification here. Defendant's son's illness is tragic. But several of the son's relatives appear able to care for him. True, Defendant cannot force these relatives to care for her son. But relatives' recalcitrance to care for a prisoner's adult child, standing alone, does not establish an "extraordinary and compelling" justification for compassionate release. For that reason, Defendant's motion will be denied.

The Court further finds that, even if Defendant could show an extraordinary and compelling justification for compassionate release, the Section 3553(a) factors counsel against granting the relief requested. This Court must consider the sentencing factors in 18 U.S.C. § 3553(a), as "applicable," in its compassionate release analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). Those factors include "the nature and circumstances of the underlying offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public

3

from further crimes of the defendant." <u>United States v. Prater</u>, No. 3:13CR133, 2021 WL 54364, at *4 (E.D. Va. 2021) (citing 18 U.S.C. § 3553(a)(1)–(2)). Section 3553(a) also instructs courts to consider the sentencing range established for the offense, as well as "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(4), (6).

Defendant has not shown that the Section 3553(a) factors justify compassionate release. Specifically, granting Defendant's motion would fail to reflect the seriousness of Defendant's offense, promote respect for the law, or provide adequate deterrence. <u>See</u> (Doc. No. 31 at 4–5).

For the foregoing reasons, the Court will deny Defendant's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release, (Doc. No. 33), is **DENIED**.

Signed: May 14, 2024

Max O. Cogburn Jr
United States District Judge