UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cr-336-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| SHANEEKA CURRY WILSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant Shaneeka Curry Wilson's fourth pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 44). The Government has responded in opposition to the motion. (Doc. No. 47). For the following reasons, Defendant's motion will be denied.

**I.     BACKGROUND**

From February 2018 through August 2019, Defendant was engaged in a drug trafficking conspiracy in the Western District of North Carolina. (Doc. No. 4; Doc. No. 12, pp. 4–8). One of Defendant's co-conspirators revealed the scope of the conspiracy to distribute cocaine base exceeded 25.5 kilograms. (Doc. No. 12, pp. 12–13). During the conspiracy, Defendant directed her teenage children to distribute controlled substances. (Id., p. 8). Defendant also personally distributed multiple ounces of crack cocaine to a confidential human source during this time period. (Id., pp. 4–8).

Defendant was arrested under a complaint on August 29, 2019. (Doc. No. 12, p. 1). Defendant ultimately entered a plea agreement on a one-count information on November 12, 2020. (Doc. Nos. 1, 2). At the time of her plea, Defendant was facing a statutory minimum incarceration of five years and a potential, maximum 40-year sentence. Defendant's sentencing

1

guidelines range was 360 to 480 months in prison. (Doc. Nos. 14, 21). This Court found that guideline calculation was far greater than necessary to accomplish the purposes of sentencing and instead sentenced Defendant to 84 months' imprisonment on November 1, 2021. (Doc. Nos. 21, 22).

On August 4, 2023, Defendant petitioned the Bureau of Prisons ("BOP") for compassionate release based on the need for care for her adult son, who is terminally ill. (Gov't Attachment 1, Doc. No. 28). In September of 2023, Defendant moved this Court for compassionate release, outlining both her adult son's illness and an assault upon Defendant herself while in the BOP. (Doc. No. 23). The Court dismissed the motion based on failure to exhaust administrative remedies. (Doc. No. 26).

On January 24, 2023, Defendant again petitioned BOP for compassionate release based on her own medical needs resulting from the assault. (Gov't Ex. 1). On May 14, 2024, this Court again issued an order denying the relief sought, holding both that Defendant failed to establish the existence of an extraordinary and compelling reason for compassionate release and that consideration of the sentencing factors in 18 U.S.C. § 3553(a) did not warrant release or reduction of the defendant's sentence. (Doc. No. 37). Defendant filed the pending fourth motion for compassionate release on December 10, 2024.

**II.     DISCUSSION**

Defendant's pending fourth motion again points to her son's severe illness to establish the existence of an extraordinary and compelling reason for her release. Aside from the passage of seven months' time, nothing has changed since this Court found that "relatives' recalcitrance to care for a prisoner's adult child, standing alone, does not establish an 'extraordinary and compelling' justification for compassionate release" and that "even if Defendant had shown

2

extraordinary and compelling reasons for compassionate release, consideration of the Section 3553(a) factors counsel against relief." (Doc. No. 37, p. 3).

On Defendant's fourth motion, the Court again finds that a release from custody at this time would render Defendant's sentence insufficient to meet the purposes of punishment pronounced in 18 U.S.C. § 3553(a).

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 44), is **DENIED**.

Max O. Cogburn Jr.
United States District Judge